## Fox River Distilling Company, Appellant, v. George Andrichik, Appellee.

### Gen. No. 5,637.

1. CORPORATIONS—*liability of corporation for agent's acts.* On *assumpsit* for goods sold, where the evidence indicates that plaintiff corporation held a certain person out as its agent so far as the transactions involved are concerned and the acts of the agents testified to are concerning such agency, an instruction on the power of corporations to act through agents and as to their liability for the acts of agents may be given.

2. ACCOUNT STATED—*when not established.* On *assumpsit* for an alleged balance due for goods sold, when defendant testified that he made payments, which were not credited, the jury were justified in finding that there was no account stated which barred defendant.

Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

LAGGER & BLATT, for appellant.

J. W. DOWNEY, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This is a suit to recover an alleged balance due for goods sold, etc. Appellant filed a narr of the common counts to which *non assumpsit*, set-off and payment were pleaded. Both parties filed bills of particulars showing what each party claimed to be the condition of the account between them. A trial was had by the court with a jury, and a verdict returned for appellee on his plea of set-off for $43.62, on which the court entered judgment, and appellant brings the case to this court, and asks a reversal of the judgment because the verdict is not sustained by the evidence, and because the court erred, as it is claimed, in giving an instruction for appellee; all other errors assigned practically being waived because nothing is said about them in appellant's brief and argument. But one instruction was asked or given for appellee. There is error claimed in the giving of that instruction. The instruction is as follows:

"The court instructs the jury, that corporations can only act on contract by their officers or agents, and when a corporation holds certain persons out to the public as authorized to act on its behalf, then the corporation, like an individual, will be bound by all the acts and contracts of such persons which are done or made within the apparent scope of their said agency, and if you believe from the evidence in this case that the defendant appointed Leopold Fleischer as its agent, or voluntarily and knowingly held him out to the public as such agent, and as authorized to act and sell merchandise on its behalf, and receive

payments for such merchandise, then the plaintiff is bound by the acts of such agent.''

The principal witness for appellant was said Leopold Fleischer, who testified that he was the agent of appellant and had authority to sell wines, liquors, and other things for appellant, and was authorized to receive payment therefor.

All of the evidence in this record indicates that appellant in so far as the transactions with appellee are concerned, did hold the said Fleischer out to the world as its duly authorized agent to act in its behalf.

The only business transactions between appellant and appellee were solely in the nature of selling the goods in which appellant dealt by the said Fleischer as agent, and collecting the pay therefor by said Fleischer, and there is no evidence or claim to the contrary.

The instruction particularly directed the attention of the jury to business within the scope of the agent's authority by the following language, ''Then the corporation, like an individual, will be bound by all the acts and contracts of such persons which are done or made within the apparent scope of their said agency.''

Certainly all of the acts done by the agent were especially within the apparent scope of his authority. The agent testified he was the agent, with authority to sell appellant's goods, and collect the pay therefor. All his acts as testified to were concerning sales of appellant's goods by the agent, and collecting for them. There is no reversible error in this instruction under the evidence as it appears in this record.

The remaining question is one on the facts as they appeared in evidence. Each side presented its witnesses. The jury saw them and heard them testify, and had an opportunity to judge of their credibility. It was the particular province of the jury to weigh the evidence, and to give to the testimony of each witness the credit they thought it was entitled to. The jury saw fit to believe appellee's witnesses, and adopted

appellee's theory of the case, and in so doing this court is not prepared to say they were wrong.

The principal bone of contention was the item of $85.41 claimed to have been paid by appellee for which appellant had not given him credit. He testified he paid it, and the agent could not remember about it. Other items of payment were testified to by appellee, and admitted by the agent as not having been credited. It was practically admitted that the account was not correct. It was not correct as a matter of fact.

Appellee testified that when Peretz and the agent were at his place, and were talking about the account, he said to them, ''You figure up my account and get it straight and if there is any balance due, I will pay it. If I have paid you too much, I will expect you to make it right.''

It must have appeared to the jury as it does to this court on the record, that the agent was mistaken, to say the least, about the account, and although Peretz testified that appellee said to him in substance that the account was all right, yet the agent who sold the goods, and collected for them, practically admitted that the account was wrong.

Appellee testified that he had made payments that had not been credited. Hence, the jury were justified in finding there was no account stated which barred appellee. The jury evidently looked at the claim of an account stated as unfair, when appellant, through its agent, practically admitted that the account was wrong as a matter of fact, but sought to hold appellee to an acknowledgment of its correctness on the ground that he had held the bills so long a time without complaint.

The jury decided between the parties, and we are not disposed to say they were wrong in their verdict. Judgment affirmed.

*Affirmed.*